**Yvonne MUSSINGTON, individually and on behalf of her son, Jonathon Jacobs; Rosemary Johnson, individually and on behalf of her children, Edward Cuffee, Jr., Tony Johnson, Roger Cuffee, Shamaekia Cuffee, Jennifer Cuffee, Jessica**

Cuffee, Kevin Cuffee, and Veronica Johnson; Church of the Intercession; Iglesia Episcopal de Santa Maria; Religious Committee on the New York City Health Crisis, Inc.; Riverside Church Office of Social Justice; St. Mary's Episcopal Church Manhattan; and Upper Manhattan Anglican/Episcopal Clergy Association, Plaintiffs–Appellants,

v.

**ST. LUKE'S–ROOSEVELT HOSPITAL CENTER, the New York State Department of Health, and Mark R. Chassin, Commissioner of Health, in his official capacity, Defendants–Appellees.**

No. 1254, Docket 93–7856.

United States Court of Appeals,
Second Circuit.

Argued March 9, 1994.

Decided March 10, 1994.

Charles S. Sims, Proskauer, Rose Goetz & Mendelsohn, New York City (Edward S. Kornreich, Deborah J. Jacobs, Proskauer, Rose Goetz & Mendelsohn, Patty Lipshutz, St. Luke's–Roosevelt Hosp. Center, of counsel), for defendant-appellee St. Luke's–Roosevelt Hosp. Center.

Barbara K. Hathaway, Asst. Atty. Gen. of the State of N.Y., New York City (G. Oliver Koppell, Atty. Gen. of the State of N.Y., of counsel), for defendants-appellees Dept. of Health and Chassin.

Maya D. Wiley, NAACP Legal Defense and Educational Fund, Inc., New York City (Elaine R. Jones, Theodore M. Shaw, NAACP Legal Defense and Educational Fund, Inc., William H. Voth, Steven Shiffman, Arnold & Porter, Kenneth Kimerling, Nina Perales, Puerto Rican Legal Defense &

Education Fund, Inc., of counsel), for plaintiffs-appellants.

Before: WALKER and JACOBS, Circuit Judges, and CARMAN, Judge.*

PER CURIAM:

Plaintiffs are individual citizens, three churches, and three church groups who brought suit against St. Luke's–Roosevelt Hospital Center (the "Hospital") and New York state health officials to enjoin the Hospital's transfer of pediatric, obstetric, and neonatal care services and medical-surgical beds from their present location in a low-income neighborhood with a high minority population to a site located in a higher-income neighborhood with a lower minority population. Plaintiffs claim that the transfer unlawfully discriminates against Medicaid recipients and minorities and therefore violates the Hill–Burton Act, Titles II and VI of the Civil Rights Act of 1964, and the Equal Protection Clause. The district court (Martin, J.) determined that the churches and church groups lack standing and that in any event all of the claims are barred: the claims for injunctive relief by laches and those for damages by the statute of limitations. The court's opinion is published at 824 F.Supp. 427 (S.D.N.Y.1993) and familiarity with it is assumed. We agree with the district court's decision that any claims raised in this litigation would be barred by laches or the statute of limitations. We do not reach the other issues raised in the parties' briefs on appeal.